**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

REQUEST GRANTED.
The March 11 Motion Hearing regarding the suppression of Mr. Ray's statements is canceled. A Telephonic Bail Hearing is scheduled for March 22, 2021 at 12:00PM. Parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101. The Court will address the rescheduling of the in-person suppression hearing at the March 22 hearing.

February 24, 2021

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

3/5/2021  SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**Re:   United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

Dear Judge Liman:

    We write as defense counsel for Lawrence Ray in response to the Government's February 15, 2021 letter to the Court regarding Mr. Ray's access to discovery and access to counsel while incarcerated at the Metropolitan Correctional Center. Relatedly, we also write concerning the in person statement suppression hearing currently scheduled for March 11, 2021. Given Mr. Ray's ongoing lack of adequate access to discovery and counsel, as well as continued concerns related to Covid-19, the defense respectfully requests an adjournment of the March 11, 2021 statement suppression hearing.

    During Mr. Ray's February 10, 2021 arraignment on the superseding indictment, the Court expressed concern about Mr. Ray's access to legal materials and ordered the Government to file a status report on Mr. Ray's access to discovery and his ability to confer with counsel while incarcerated. On February 15, 2021, the Government filed a status letter confirming defense counsels' representations about Mr. Ray's lack of access to discovery and reporting that "the MCC is prepared to provide [Mr. Ray] with access to a computer in the law library for two hours every weekday, Monday through Friday, to review discovery." Doc. 141 at 1.

    This is woefully insufficient. As detailed in Mr. Ray's reply in support of the defense's motion for bail, discovery and disclosures, the Government has produced more than 20 terabytes of discovery, including "over 150,000 audio recordings, over 67,000 video recordings, over 2.5 million documents and over 2.4 million graphics." Doc. 136 at 2. Ten hours each week—

Hon. Lewis J. Liman

assuming the promised time is actually provided and uninterrupted by lockdowns or other security concerns—is not enough time for Mr. Ray to review even a fraction of his discovery.[1]

The Government's proposed solution to Mr. Ray's lack of access to counsel is similarly unavailing. In response to counsels' legitimate health concerns about visiting a correctional facility in the midst of a global pandemic, the Metropolitan Correctional Center reported unspecified "logistical challenges" to "facilitating additional video counsel meetings beyond those already allotted for all inmates to be administered by the Federal Defenders." Doc. 141 at 1. Instead, the facility suggests the defense "work with the Federal Defenders to arrange remote communications with their client." *Id.* at 2. The Federal Defenders of New York does not have the ability to expand remote access to Mr. Ray at counsel's request.

By way of background, since March 2020, the Federal Defenders, at the direction of the Chief Judges of the Southern District of New York and the Eastern District of New York, has scheduled all legal calls and videoconferences for all individuals detained at the Metropolitan Correctional Center. While the Federal Defenders schedules the calls, it has no control over the allotted number of calls and videoconferences, nor the days or times of availability. That determination is made solely by the Metropolitan Correctional Center. Put differently, calls and videoconferences are scheduled according to the parameters set by the facility.

Currently, the Metropolitan Correctional Center has made 35 total hours of legal videoconferences available for all 600 inmates each week. These 35 hours are shared by counsel, Probation and Pretrial. The demand for videoconference time each week always far exceeds the allotted 35 hours. While the Federal Defenders has repeatedly requested that the Metropolitan Correctional Center provide more time for legal videoconferences and calls, the facility informs that it does not have the staff to accommodate additional videoconferences or calls. Accordingly, the defense cannot simply "work with the Federal Defenders" to arrange additional time to speak with Mr. Ray remotely each week.

Defense counsel's attempts to confer with Mr. Ray this past week are illustrative. In an effort to begin preparing Mr. Ray to testify at his March 11, 2021 statement suppression hearing, counsel scheduled a video conference with Mr. Ray.[2] While counsel scheduled the videoconference a week in advance, demand in Mr. Ray's housing unit left only one 30-minute videoconference slot available. Mr. Ray came to the meeting with notes that he brought to the video room. As one may expect, however, thirty minutes proved woefully insufficient to meaningfully prepare Mr. Ray to even make a decision about whether to testify at a suppression hearing. It was certainly inadequate to actually prepare to testify. This is particularly true as the first five or more minutes of the 30-minute meeting were consumed by counsel and a member of the MCC staff working together to select the correct settings in the program so the video

---

[1] The Government has previously represented that based on conversations with the Metropolitan Correctional Center, it expected Mr. Ray to have access to an electronic law library on his unit "for approximately two hours per day." Doc. 38 at 19. This has not borne out.

[2] Counsel also scheduled a separate telephone call with Mr. Ray to discuss other issues related to Mr. Ray's case.

Hon. Lewis J. Liman

screen—which was initially blank on both sides—could be viewed by both parties. Despite this delay in start time, the video ended abruptly, without warning and mid-sentence after 30 minutes from the scheduled start time had elapsed.

Given the unreliability of videoconferences at the MCC—in our experience, video calls successfully connect only half the time they are scheduled—and the infrequency and time limitations on videoconferencing, we cannot adequately prepare Mr. Ray to testify at the suppression hearing absent in person visits.

Further, the defense is troubled by the potential ramifications of Mr. Ray's physical appearance in Court on March 11. While in person court appearances have resumed, the majority of court proceedings continue to proceed remotely. Should Mr. Ray appear in person, unless the Marshals can affirm that he was not in contact with any other individuals in the pens or elsewhere during his transport between the jail and the courthouse, Mr. Ray will be subject to a mandatory quarantine upon his return to the Metropolitan Correctional Center. Such a quarantine will not only result in more grueling conditions of confinement, but will undoubtedly give rise to an additional period of time during which Mr. Ray will not have access to his legal materials.

Finally, Mr. Ray will not be prejudiced by the adjournment of an in person suppression hearing. Having been arraigned just two weeks ago on a superseding indictment charging a co-defendant and adding allegations of racketeering conspiracy, the Court has already rescheduled Mr. Ray's July 2021 trial to September 20, 2021 with the understanding that this new date may not hold. Discovery for Mr. Ray's co-defendant has not yet been completed and counsel for his co-defendant has not yet weighed in on the trial date. Given this, coupled with the outstanding search warrant suppression issue, there is no urgency to resolving Mr. Ray's statement suppression motion.

For these reasons, the defense respectfully requests the Court adjourn Mr. Ray's in person statement suppression hearing and revisit the timing of the suppression hearing during the previously scheduled April 15, 2021 status conference. Further, the defense respectfully requests that the Court permit the parties to present an oral argument on the bail motion remotely on or about March 11, 2021. Thank you for your consideration of this matter.

                                                Respectfully submitted,

                                                /s/

                                                Marne L. Lenox, Esq.
                                                Peggy Cross-Goldenberg, Esq.
                                                Allegra Glashausser, Esq.

                                                *Counsel for Lawrence Ray*

Hon. Lewis J. Liman

cc: AUSA Danielle R. Sassoon, Esq.
　　AUSA Lindsey Keenan, Esq.
　　AUSA Mollie Bracewell, Esq.

Case 1:20-cr-00110-LJL   Document 143   Filed 03/05/21   Page 4 of 4

Hon. Lewis J. Liman