UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/13/2021  
```

-------------------------------------------------------------------X

UNITED STATES,                                              :
                                                            :
                                                            :
        -v-                                             :        20-cr-110 (LJL)
                                                            :
LAWRENCE RAY and ISABELLA POLLOK,        :        <u>ORDER</u>
                                                            :
          Defendant.                              :
                                                            :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Government, joined by counsel for Jane Doe 1 and Jane Doe 2, moves to quash Rule 17(c) subpoenas issued to various health care and mental health providers. Dkt. Nos. 77, 78. The Court previously authorized ex parte Rule 17(c) subpoenas with respect to two alleged victims but, by Order and Opinion dated November 25, 2020, stayed the recipient's compliance with the subpoenas pending further order of the Court. Dkt. No. 103. The Court also quashed any subpoenas that were served for the personal or confidential records of victims other than the two complaining victims on the grounds that notice was not provided to those persons. *Id*. at 23.

      The motion to quash with respect to the two complaining victims is based on the theories: (1) that the subpoenas are not authorized by Rule 17; and (2) that they call for privileged and otherwise protected information. The victims join in the motion and argue that, if the Court disagrees that the subpoenas are premature under Rule 17(c), the requested documents be produced to counsel for the victims for such counsel to conduct a privilege review and to deliver a privilege log to the defense. Counsel for the victims asked for approximately four weeks to deliver the privilege log.

      The Court denies the motion to quash to the extent that it is based on Rule 17(c). Counsel for Mr. Ray has made a sufficient preliminary showing of "(1) relevancy; (2) admissibility; (3) specificity." *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019); *United States v. Ray*, 20 Cr. 110, Dkt. No. 103 (S.D.N.Y. Nov. 25, 2020) at 19 (holding that *Nixon* standards are applicable). The Court reserves judgment on the motion to quash based on privilege pending review by counsel for the alleged victims and the provision of a privilege log.

      Counsel for Mr. Ray shall prepare and submit to the Court on ECF by no later than Friday, September 17, 2021 a proposed order lifting the stay with respect to the subpoenas as to the two alleged victims and directing that the subpoenaed documents with respect to those alleged victims be delivered within two weeks of the day of service of the Court's order on the providers to (1) the Court; and (2) the alleged victim whose records are being subpoenaed. The

Order shall contain language providing that the subpoena recipient and counsel for the alleged victims shall both promptly inform the government and the defense of their compliance with the subpoena and counsel for the alleged victims shall serve a privilege log to the government and to counsel for Mr. Ray with detailed information for each item as to which a privilege is claimed indicating the type of document, its date, the persons who received the information in the document, and the basis for the assertion of privilege.

This order is without prejudice to counsel for Mr. Ray challenging any assertion of privilege.

Counsel for Mr. Ray shall also inform the Court by Monday September 20, 2021, of its position with respect to the subpoenas with respect to any of the other alleged victims, including whether they request permission to serve the subpoenas on counsel for the alleged victim.

Defendants Ray and Pollok are ordered to provide notice to the Government by November 15, 2021, of an intent to offer expert evidence of a mental condition pursuant to Federal Rule of Criminal Procedure 12.2(b) as well as notice of an intent to rely on the defense of advice of counsel.  Counsel for Defendant Pollok has leave to submit a letter requesting an adjournment of that date with respect to Pollok only to a different date certain setting forth cause why the date should be adjourned.

Parties are directed to meet and confer regarding a schedule for the disclosure of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C) and to submit by September 27, 2021, an agreed schedule or competing proposals with respect to expert discovery.

SO ORDERED.

Dated: September 13, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge