UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -  x
                                    :
UNITED STATES OF AMERICA            :  <u>SUPERSEDING</u>
                                    :  <u>INDICTMENT</u>
        - v. -                      :
                                    :  S2 20 Cr. 110
LAWRENCE RAY,                       :
   a/k/a "Lawrence Grecco," and     :
ISABELLA POLLOK,                    :
                                    :
        Defendants.                 :
                                    :
- - - - - - - - - - - - - - - - -  x

COUNT ONE
(Racketeering Conspiracy)

The Grand Jury charges:

The Enterprise

1.   At all times relevant to this Indictment,

LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA POLLOK, the

defendants, and others known and unknown, were members and

associates of a criminal organization (the "Enterprise") whose

members engaged in, among other things, extortion, sex

trafficking, forced labor, money laundering, and obstruction of

justice.

2.   The Enterprise, including its leadership,

membership, and associates, constituted an "enterprise," as

defined by Title 18, United States Code, Section 1961(4), that

1

is, a group of individuals associated in fact, although not a
legal entity.  The Enterprise constituted an ongoing
organization whose members functioned as a continuing unit for a
common purpose of achieving the objectives of the Enterprise.
At all times relevant to this Indictment, the Enterprise was
engaged in, and its activities affected, interstate and foreign
commerce.  The Enterprise operated in the Southern District of
New York and elsewhere.

       3.   LAWRENCE RAY, a/k/a "Lawrence Grecco," and
ISABELLA POLLOK, the defendants, participated in the operation
of the Enterprise, and participated in unlawful and other
activities in furtherance of the conduct of the Enterprise's
affairs.

       4.   LAWRENCE RAY, a/k/a "Lawrence Grecco," the
defendant, was the founder and leader of the Enterprise. During
the time period relevant to this Indictment, RAY led the
Enterprise and targeted a group of college students and others
(the "Victims") for indoctrination and criminal exploitation by
the Enterprise.  RAY recruited ISABELLA POLLOK, the defendant,
and others, known and unknown, to join the criminal scheme and
to work on behalf of the Enterprise.

       5.   During the time period relevant to this
Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA

2

POLLOK, the defendants, lived with some of the Victims, first in on-campus housing at a college in Westchester County, New York, and thereafter at locations in Manhattan, New York; Pinehurst, North Carolina; Piscataway, New Jersey; and elsewhere.  Over the course of approximately a decade, between in or about 2010 and in or about 2020, RAY, POLLOK, and others known and unknown, attempted to gain the trust of the Victims before psychologically manipulating and controlling them for the success and furtherance of the Enterprise's ideology and the financial gain of its members.  RAY, POLLOK, and others known and unknown, exploited the Victims for the Enterprise's financial gain.  RAY, with the assistance of POLLOK and others, subjected the Victims to sexual and psychological manipulation, physical abuse, and threats of violence, in order, among other things, to extract purported confessions from the Victims that they had caused harm and damage to members and associates of the Enterprise, including by poisoning RAY, POLLOK, and others.  RAY and POLLOK, and others known and unknown, extorted money from the Victims, forced some of the Victims to perform unpaid manual labor and to provide sexual services, including to strangers, and caused one of the female Victims ("Female Victim-1") to engage in commercial sex acts for the Enterprise's financial benefit.

3

## Purposes of the Enterprise

6.    The purposes of the Enterprise included the following:

a.    Enriching the members and associates of the Enterprise through, among other things, (1) extortion, (2) sex trafficking, and (3) forced labor;

b.    Preserving and protecting the power of the Enterprise, including the power of its leader, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, through violence, threats of violence, and verbal, physical, and mental abuse.

c.    Promoting and enhancing the Enterprise and the activities of its members and associates;

d.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence and with threats of retaliation against individuals who witnessed the crimes committed by members and associates of the Enterprise.

## Means and Methods of the Enterprise

7.    Among the means and methods by which LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA POLLOK, the defendants, and others known and unknown, conducted and participated in the conduct of the affairs of the Enterprise were the following:

4

   a. Nurturing the Victims' loyalty to the members and associates of the Enterprise and alienating them from their families;

   b. Physically and psychologically isolating the victims, including from their families and friends;

   c. Subjecting the Victims to sexual and psychological manipulation;

   d. Exploiting the Victims' mental health vulnerabilities and self-doubts to the advantage of the Enterprise;

   e. Physically abusing the Victims, including through acts of violence, threats of violence, food deprivation, and sleep deprivation;

   f. Extracting purported confessions from the Victims that they had caused harm and damage to members and associates of the Enterprise, such as RAY and POLLOK, including confessions that the Victims had poisoned RAY, POLLOK, and others;

   g. Documenting and retaining Victims' purported confessions, including through video and journals kept by Victims at RAY's direction;

   h. Extorting money from the Victims, forcing some of the Victims to perform unpaid manual labor and to

provide sexual services, including to strangers, and causing one
of the female Victims ("Female Victim-1") to engage in
commercial sex acts for the Enterprise's financial benefit in
New York City and elsewhere;

       i.    Creating and collecting sensitive,
humiliating, and incriminating material against the Victims to
further the purposes of the Enterprise, including the continued
obedience of the Victims, the enrichment of the Enterprise, and
evasion of detection by law enforcement;

       j.    Threatening to turn the Victims in to law
enforcement in light of their purported confessions, which
threats were made to further the purposes of the Enterprise,
including the continued obedience of the Victims, the enrichment
of the Enterprise, and evasion of detection by law enforcement;

       k.    Pressuring Female Victim-1, through force,
threats of force, fraud, and coercion, to engage in frequent
prostitution and collecting nearly all the proceeds of that
prostitution, amounting to millions of dollars in profits for
the Enterprise; and

       l.    Laundering the proceeds of the Enterprise's
criminal activity through various bank accounts and RAY's online
domain business.

The Racketeering Conspiracy

8.    From at least in or around 2010, up to and
including in or around 2020, in the Southern District of New
York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," and
ISABELLA POLLOK, the defendants, and others known and unknown,
being persons employed by and associated with the Enterprise
described in Paragraphs One through Seven of this Indictment,
knowingly combined, conspired, confederated, and agreed together
and with each other to violate the racketeering laws of the
United States, to wit, Section 1962(c) of Title 18, United
States Code, that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of the Enterprise,
which was engaged in, and the activities of which affected,
interstate and foreign commerce, through a pattern of
racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and (5), consisting of multiple acts:

a.    indictable under Title 18, United States
Code, Sections 1951 and 2 (relating to extortion);

b.    involving extortion, chargeable under the
following provisions of state law, namely, New York Penal Law
Sections 155.05(2)(e), 155.40(2) (grand larceny in the second
degree by extortion); 155.30(6) (grand larceny in the fourth
degree by extortion); 105.10 (conspiracy in the fourth degree);

110.00 (attempt to commit a crime); and 20.00 (accessory
liability);

        c.   indictable under Title 18, United States
Code, Sections 1591 and 2 (sex trafficking by force, fraud, or
coercion);

        d.   indictable under Title 18, United States
Code, Sections 1589 and 2 (forced labor);

        e.   indictable under Title 18, United States
Code, Sections 1590 and 2 (forced labor trafficking);

        f.   indictable under Title 18, United States
Code, Sections 1952 and 2 (use of interstate commerce to promote
unlawful activity);

        g.   indictable under Title 18, United States
Code, Sections 1956 and 2 (relating to the laundering of
monetary instruments);

        h.   indictable under Title 18, United States
Code, Sections 1512 and 2 (relating to tampering with a witness,
victim, or an informant); and

        i.   indictable under Title 18, United States
Code, Sections 1503 and 2 (relating to obstruction of justice).

     9.   It was a part of the conspiracy that each
defendant agreed that a conspirator would commit at least two
acts of racketeering activity in the conduct of the affairs of

8

the Enterprise.

### NOTICE OF SPECIAL SENTENCING FACTOR

10.    As part of his agreement to conduct and participate in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, from in or about 2011, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which had engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted the same, to wit, RAY engaged in the sex trafficking of Female Victim-1, in violation of Title 18, United States Code, Sections 1591(a),(b)(1) and 2.

(Title 18, United States Code, Section 1962(d).)

9

COUNT TWO
(Extortion Conspiracy)

The Grand Jury further charges:

11.  From in or about 2011, up to and including at
least in or about 2019, in the Southern District of New York and
elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA
POLLOK, the defendants, and others known and unknown, knowingly
did combine, conspire, confederate, and agree together and with
each other to commit extortion, as that term is defined in Title
18, United States Code, Section 1951(b)(2), by obtaining money
and property from and with the consent of another person, which
consent would have been and was induced by the wrongful use of
actual and threatened force, violence, and fear, and would and
did thereby obstruct, delay, and affect commerce and the
movement of articles and commodities in commerce, as that term
is defined in Title 18, United States Code, Section 1951(b)(3),
to wit, RAY and POLLOK agreed to extort money from the Victims
to repay supposed wrongdoing against RAY and others.

(Title 18, United States Code, Section 1951.)

COUNT THREE
(Extortion)

The Grand Jury further charges:

12.  From in or about 2011, up to and including at
least in or about 2019, in the Southern District of New York and

10

elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly did commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, RAY extorted money from Female Victim-1 to repay supposed wrongdoing against RAY and others.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT FOUR
(Sex Trafficking)

The Grand Jury further charges:

13.   From in or about 2011, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means a person, and did benefit, financially and by receiving anything of value, from

11

participation in a venture which had engaged in such acts,
knowing and in reckless disregard of the fact that force,
threats of force, fraud, and coercion, as described in Title 18,
United States Code, Section 1591(e)(2), and any combination of
such means, would be used to cause the person to engage in a
commercial sex act, and aided and abetted the same, to wit, RAY
engaged in the sex trafficking of Female Victim-1.

(Title 18, United States Code, Sections 1591 and 2.)

## COUNT FIVE
(Conspiracy to Commit Sex Trafficking)

The Grand Jury further charges:

14.   From in or about 2011, up to and including at
least in or about 2019, in the Southern District of New York and
elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA
POLLOK, the defendants, and others known and unknown, knowingly,
in and affecting interstate and foreign commerce, did combine,
conspire, confederate and agree to recruit, entice, harbor,
transport, provide, obtain, advertise, maintain, patronize, and
solicit, by any means, a person, and to benefit, financially and
by receiving anything of value, from participation in a venture
which has engaged in any such act, knowing and in reckless
disregard of the fact that means of force, threats of force,
fraud, and coercion, and any combination of such means, would be

12

used to cause the person to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a) and (b)(1), to wit, RAY and POLLOK, agreed to engage in the sex trafficking of Female Victim-1.

(Title 18, United States Code, Section 1594.)

COUNT SIX
(Forced Labor)

The Grand Jury further charges:

15.  From at least in or about May 2013, up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly did obtain the labor and services of a person by means of (a) force, threats of force, physical restraint and threats of physical restraint to her and one or more other persons, (b) serious harm and threats of serious harm to her and one or more other persons, (c) the abuse and threatened abuse of law and legal process, and (d) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, and aided and abetted the same, to wit, RAY caused several female Victims to perform physical labor on a property in Pinehurst, North

13

Carolina by among other things, physically harming, threatening, and intimidating the Victims, threatening legal action against them, and convincing those Victims that if they did not perform the labor, those Victims and others would suffer serious harm.

(Title 18, United States Code, Sections 1589 and 2.)

COUNT SEVEN
(Forced Labor Trafficking)

The Grand Jury further charges:

16.   From at least in or about May 2013, up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly did recruit, harbor, transport, provide, and obtain by any means, persons for labor and services in violation of Title 18, United States Code, Section 1589(a), and aided and abetted the same, to wit, RAY convinced and caused several female Victims to travel from Manhattan, New York to Pinehurst, North Carolina in order to obtain their physical labor in violation of Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Sections 1590 and 2.)

COUNT EIGHT
(Forced Labor Conspiracy)

The Grand Jury further charges:

17.   From at least in or about May 2013, up to and

14

including at least in or about December 2013, in the Southern

District of New York and elsewhere, LAWRENCE RAY, a/k/a

"Lawrence Grecco," the defendant, and others known and unknown,

knowingly did combine, conspire, confederate, and agree together

and with each other to provide and obtain the labor and services

of one and more persons, by means of (a) force, threats of

force, physical restraint and threats of physical restraint to

her and one or more other persons, (b) serious harm and threats

of serious harm to her and one or more other persons, (c) the

abuse and threatened abuse of law and legal process, and (d) one

or more schemes, plans and patterns intended to cause her to

believe that, if she did not perform such labor and services,

she and one or more other persons would suffer serious harm and

physical restraint, and a combination of such means, in

violation of Title 18, United States Code, Section 1589(a), to

wit, RAY agreed with others to obtain the physical labor of

several female Victims on a property in Pinehurst, North

Carolina, as described in Count Six of this Indictment and in

violation of Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Section 1594.)

COUNT NINE
(Use of Interstate Commerce To Promote Unlawful Activity)

The Grand Jury further charges:

18.   From at least in or about 2014, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving prostitution, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of that unlawful activity, and aided and abetted the same, to wit, RAY used a cellular phone and the Internet, and traveled in interstate commerce, to promote, manage, and carry on a criminal business engaged in sex trafficking and prostitution, and promoting prostitution, in violation of New York Penal Law Sections 230.00, 230.20, 230.25, 230.30, and 230.32.

(Title 18, United States Code, Sections 1952(a)(3)(B) and 2.)

16

COUNT TEN
(Use of Interstate Commerce To Promote Unlawful Activity)

The Grand Jury further charges:

19.  From at least in or about 2011, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving extortion, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of that unlawful activity, and aided and abetted the same, to wit, RAY used a cellular phone and the Internet, and traveled in interstate commerce, to promote, manage, and carry on extortion, in violation of New York Penal Law Sections 155.30(6) and 20.00.

(Title 18, United States Code, Sections 1952(a)(3)(B) and 2

COUNT ELEVEN
(Money Laundering)

The Grand Jury further charges:

20.  From at least in or about 2011, up to and including at least in or about 2019, in the Southern District of

17

New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco,"
and ISABELLA POLLOK, the defendants, knowing that the property
involved in certain financial transactions represented the
proceeds of some form of unlawful activity, conducted and
attempted to conduct such financial transactions, which in fact
involved the proceeds of specified unlawful activity, to wit,
(i) extortion, in violation of Title 18, United States Code,
Section 1951; and (ii) sex trafficking, in violation of Title
18, United States Code, Section 1591, knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership,
and the control of the proceeds of specified unlawful activity,
and to avoid a transaction reporting requirement under State and
Federal law.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), (ii),
and 2.)

COUNT TWELVE
(Tax Evasion – 2015 Tax Year)

The Grand Jury further charges:

21.   During the calendar year 2015, LAWRENCE RAY,
a/k/a "Lawrence Grecco," the defendant, received substantial
taxable income, upon which there was substantial income tax due
and owing to the United States of America, to wit proceeds of
the offenses charged in Counts One through Five of this

18

Indictment.  Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, RAY from in or about January 2015 through on or about April 15, 2016, in the Southern District of New York and elsewhere, willfully and knowingly did attempt to evade and defeat a substantial part of the income tax due and owing by RAY to the United States of America for calendar year 2015 by various means, including, among others: (a) causing nominees to deposit a substantial part of RAY's unreported income into bank accounts in the nominees' names, including at bank branches and ATMs in the Southern District of New York, and subsequently to transfer the income to RAY through cash and electronic transfers; and (b) using unreported income deposited into bank accounts in the nominees' names to pay for personal expenses, including to purchase numerous domain names for which RAY was the registrant.

(Title 26, United States Code, Section 7201.)

COUNT THIRTEEN
(Tax Evasion – 2016 Tax Year)

The Grand Jury further charges:

22.  During the calendar year 2016, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, received substantial

taxable income, upon which there was substantial income tax due
and owing to the United States of America, to wit proceeds of
the offenses charged in Counts One through Five of this
Indictment.  Knowing the foregoing facts and failing to make an
income tax return on or before April 15, 2017, as required by
law, to any proper officer of the Internal Revenue Service, and
to pay the income tax to the Internal Revenue Service, RAY from
in or about January 2016 through on or about April 15, 2017, in
the Southern District of New York and elsewhere, willfully and
knowingly did attempt to evade and defeat a substantial part of
the income tax due and owing by RAY to the United States of
America for calendar year 2016 by various means, including,
among others: (a) causing nominees to deposit a substantial part
of RAY's unreported income into bank accounts in the nominees'
names, including at bank branches and ATMs in the Southern
District of New York, and subsequently to transfer the income to
RAY through cash and electronic transfers; and (b) using
unreported income deposited into bank accounts in the nominees'
names to pay for personal expenses, including to purchase
numerous domain names for which RAY was the registrant.

     (Title 26, United States Code, Section 7201.)

COUNT FOURTEEN
(Tax Evasion - 2017 Tax Year)

The Grand Jury further charges:

23.    During the calendar year 2017, LAWRENCE RAY,

a/k/a "Lawrence Grecco," the defendant, received substantial

taxable income, upon which there was substantial income tax due

and owing to the United States of America, to wit proceeds of

the offenses charged in Counts One through Five of this

Indictment.  Knowing the foregoing facts and failing to make an

income tax return on or before April 15, 2018, as required by

law, to any proper officer of the Internal Revenue Service, and

to pay the income tax to the Internal Revenue Service, RAY from

in or about January 2017 through on or about April 15, 2018, in

the Southern District of New York and elsewhere, willfully and

knowingly did attempt to evade and defeat a substantial part of

the income tax due and owing by RAY to the United States of

America for calendar year 2017 by various means, including,

among others: (a) causing nominees to deposit a substantial part

of RAY's unreported income into bank accounts in the nominees'

names, including at bank branches and ATMs in the Southern

District of New York, and subsequently to transfer the income to

RAY through cash and electronic transfers; and (b) using

unreported income deposited into bank accounts in the nominees'

names to pay for personal expenses, including to purchase

numerous domain names for which RAY was the registrant.

(Title 26, United States Code, Section 7201.)

COUNT FIFTEEN
(Tax Evasion – 2018 Tax Year)

The Grand Jury further charges:

24.    During the calendar year 2018, LAWRENCE RAY,

a/k/a "Lawrence Grecco," the defendant, received substantial

taxable income, upon which there was substantial income tax due

and owing to the United States of America, to wit proceeds of

the offenses charged in Counts One through Five of this

Indictment.  Knowing the foregoing facts and failing to make an

income tax return on or before April 15, 2019, as required by

law, to any proper officer of the Internal Revenue Service, and

to pay the income tax to the Internal Revenue Service, RAY from

in or about January 2018 through on or about April 15, 2019, in

the Southern District of New York and elsewhere, willfully and

knowingly did attempt to evade and defeat a substantial part of

the income tax due and owing by RAY to the United States of

America for calendar year 2018 by various means, including,

among others: (a) causing nominees to deposit a substantial part

of RAY's unreported income into bank accounts in the nominees'

names, including at bank branches and ATMs in the Southern

District of New York, and subsequently to transfer the income to
RAY through cash and electronic transfers; and (b) using
unreported income deposited into bank accounts in the nominees'
names to pay for personal expenses, including to purchase
numerous domain names for which RAY was the registrant.

(Title 26, United States Code, Section 7201.)

COUNT SIXTEEN
(Tax Evasion – 2019 Tax Year)

The Grand Jury further charges:

25.   During the calendar year 2019, LAWRENCE RAY,
a/k/a "Lawrence Grecco," the defendant, received substantial
taxable income, upon which there was substantial income tax due
and owing to the United States of America, to wit proceeds of
the offenses charged in Counts One through Five of this
Indictment.  Knowing the foregoing facts and failing to make an
income tax return on or before July 15, 2020, as required by
law, to any proper officer of the Internal Revenue Service, and
to pay the income tax to the Internal Revenue Service, RAY from
in or about January 2019 through on or about July 15, 2020, in
the Southern District of New York and elsewhere, willfully and
knowingly did attempt to evade and defeat a substantial part of
the income tax due and owing by RAY to the United States of
America for calendar year 2019 by various means, including,

among others: (a) causing nominees to deposit a substantial part of RAY's unreported income into bank accounts in the nominees' names, including at bank branches and ATMs in the Southern District of New York, and subsequently to transfer the income to RAY through cash and electronic transfers; and (b) using unreported income deposited into bank accounts in the nominees' names to pay for personal expenses, including to purchase numerous domain names for which RAY was the registrant.

(Title 26, United States Code, Section 7201.)

COUNT SEVENTEEN
(Violent Crime in Aid of Racketeering – Assault of Female Victim-1)

The Grand Jury further charges:

26.  At all times relevant to this Indictment, the Enterprise, as described in paragraphs 1 through 7 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, membership, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose

of achieving the objectives of the Enterprise.

27.  At all times relevant to this Indictment, the Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts indictable under Title 18, United States Code, Sections 1951 and 2 (relating to extortion), Title 18, United States Code, Sections 1591 and 2 (sex trafficking by force, fraud, or coercion), Title 18, United States Code, Sections 1589 and 2 (forced labor), Title 18, United States Code, Sections 1590 and 2 (forced labor trafficking), Title 18, United States Code, Sections 1952 and 2 (use of interstate commerce to promote unlawful activity), Title 18, United States Code, Sections 1956 and 2 (relating to the laundering of monetary instruments), Title 18, United States Code, Sections 1512 and 2 (relating to tampering with a witness, victim, or an informant), Title 18, United States Code, Sections 1503 and 2 (relating to obstruction of justice); and acts involving extortion chargeable under the laws of the State of New York.

28.  On or about October 16, 2018, in the Southern District of New York, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of

pecuniary value from the Enterprise, and for the purpose of
gaining entrance to and maintaining and increasing position in
the Enterprise, an enterprise engaged in racketeering activity,
as described above, knowingly assaulted an individual with a
dangerous weapon, to wit, RAY assaulted Female Victim-1 by
placing a plastic bag over her head and interfering with her
ability to breathe, at a hotel in midtown Manhattan, New York,
in violation of New York Penal Law Sections 120.05 and 120.14.

(Title 18, United States Code, Section 1959(a)(3).)

### FORFEITURE ALLEGATION AS TO COUNT ONE

29.    As a result of committing the offense alleged in
Count One of this Indictment, LAWRENCE RAY, a/k/a "Lawrence
Grecco," and ISABELLA POLLOK, the defendants, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 1963, any and all interests the defendants acquired or
maintained in violation of Title 18, United States Code, Section
1962; any and all interests in, securities of, claims against,
and property or contractual rights of any kind affording a
source of influence over, the enterprise named and described
herein which the defendants established, operated, controlled,
conducted, and participated in the conduct of, in violation of
Title 18, United States Code, Section 1962; and any and all
property constituting and derived from proceeds obtained,

26

directly and indirectly, from racketeering activity in violation
of Title 18, United States Code, Section 1962, the offense
alleged in Count One of this Indictment, including but not
limited to a sum of money in United States currency representing
the amount of proceeds traceable to the commission of the
offense alleged in Count One.

<u>FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE</u>

      30.  As a result of committing the offenses alleged in
Counts Two and Three of this Indictment, LAWRENCE RAY, a/k/a
"Lawrence Grecco," the defendant, shall forfeit to the United
States, pursuant to Title 18, United States Code, Section
981(a)(1)(C) and Title 28 United States Code, Section 2461(c),
any and all property, real and personal, that constitutes or is
derived from proceeds traceable to the commission of said
offense, including but not limited to a sum of money in United
States currency representing the amount of proceeds traceable to
the commission of said offense that the defendant personally
obtained.

      31.  As a result of committing the offense alleged in
Count Two of this Indictment, ISABELLA POLLOK, the defendant,
shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 981(a)(1)(C) and Title 28 United States
Code, Section 2461(c), any and all property, real and personal,

that constitutes or is derived from proceeds traceable to the
commission of said offense, including but not limited to a sum
of money in United States currency representing the amount of
proceeds traceable to the commission of said offense that the
defendant personally obtained.

FORFEITURE ALLEGATION AS TO COUNTS FOUR THROUGH EIGHT

32.   As a result of committing the offenses alleged in
Counts Four, Five, Six, Seven, and Eight of this Indictment,
LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, shall
forfeit to the United States, pursuant to Title 18, United
States Code, Section 1594: (1) any property, real and personal,
that was involved in, used or intended to be used to commit or
to facilitate the commission of the offenses, and any property
traceable to such property; and (2) any property, real and
personal, constituting or derived from, any proceeds obtained,
directly or indirectly, as a result of the offenses, or any
property traceable to such property.

33.   As a result of committing the offense alleged in
Count Five of this Indictment, ISABELLA POLLOK, the defendant,
shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 1594: (1) any property, real and personal,
that was involved in, used or intended to be used to commit or
to facilitate the commission of the offenses, and any property

28

traceable to such property; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, or any property traceable to such property.

<u>FORFEITURE ALLEGATION AS TO COUNT ELEVEN</u>

34.  As a result of committing the offense alleged in Count Eleven of this Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," and ISABELLA POLLOK, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

<u>Substitute Assets Provision</u>

35.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p); Title 18, United States

Code, Section 1963(m); and Title 28 United States Code, Section

2461(c), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 981, 982, and 1963;
Title 21, United States Code, Section 853; and Title 28, United
States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### LAWRENCE RAY,
### a/k/a "Lawrence Grecco," and
### ISABELLA POLLOK,

Defendants.

### SUPERSEDING INDICTMENT

S2 20 Cr. 110

(18 U.S.C. §§ 1962, 1951, 1591, 1589, 1590, 1594, 1952, 1956,
1959, and 2; 26 U.S.C. § 7201.)

DAMIAN WILLIAMS
United States Attorney

**A TRUE BILL**

Foreperson

1/13/22          Filed Superseding Indictment

USMJ Freeman