

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

    Re:    *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    As ordered by the Court, the Government writes in response to defense counsel's letter filed earlier today on their pending motion for substitution of counsel.

    The Government renews its request that the Court conduct a thorough inquiry into the nature of the alleged breakdown before deciding the defendant's motion for substitution of counsel. Even if the Court determines that the motion is not a delay tactic, it may nonetheless be appropriately denied if, for example, the Court determines that the alleged breakdown is principally a disagreement about trial strategy or the result of the defendant's general unreasonableness. The Second Circuit has affirmed the denial of a substitution motion where "no conflict impairing counsel's ability to render effective assistance existed; at most, disagreements arose concerning various aspects of trial strategy." *United States v. Rahman*, 189 F.3d 88, 144 (2d Cir. 1999).[1] *Rahman* deemed such circumstances "not remotely the complete breakdown of communication or irreconcilable conflict" that amounts to a Sixth Amendment violation. *Id.* This case is similar to *United States v. Jones*, 482 F.3d 60, 75 (2d Cir. 2006), where the district court properly denied the defendant's substitution motion where the attorneys had represented the defendant for "some 2 1/2 -3 years," the defendant "did not move for new attorneys until just days before the scheduled start of trial," and the defendant's motion was based on assertion "that counsel had not visited him in prison sufficiently to agree with him on trial strategy." The "Sixth Amendment does not guarantee flawless defense strategy," particularly where, as here, defense counsel "zealously" represents the defendant. *United States v. Hsu*, 669 F.3d 112, 123 (2d Cir. 2012). Nor is the defendant entitled to dictate many of the strategic decisions for trial. *United States v. Calabro*, 467 F.2d 973, 985-86 (2d Cir. 1972) (the defendant is "entitled to make the ultimate decision only in regard to whether to plead guilty, whether to waive a jury, and whether

---

[1] Unless otherwise noted, case text quotations omit all internal quotation marks, citations, and alterations.

February 4, 2022
Page 2

to testify; 'all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client").

Apart from the Second Circuit, other courts of appeal have routinely affirmed the denial of substitution motions where the defendant's principal grievance is a disagreement about trial strategy, or where the defendant's disagreements with counsel are unreasonable. *See, e.g.*, *Carter v. Davis*, 946 F.3d 489, 507-08 (9th Cir. 2019) ("disagreements over strategical or tactical decisions do not rise to level [sic] of a complete breakdown in communication"); *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) (motion to substitute counsel appropriately denied when the conflict arises from the defendant's "general unreasonableness or manufactured discontent," it is unclear what "could have been done differently," and had the defendant "received other counsel, it is likely that the same conflicts would have arisen"); *id*. ("There must be limits on the ability of a defendant to gain new counsel when the defendant is acting unreasonably and especially where appointing new counsel would require a continuance with a consequent disruption to the court process."); *United States v. Williams*, 673 F. App'x 620, 624 (9th Cir. 2016) (disputes about "how to interpret the law, over trial strategy, and over whether [the defendant] should enter a plea agreement" are "not the types of disputes that jeopardize a defendant's Sixth Amendment right to counsel"); *United States v. Swinney*, 970 F.2d 494, 499-500 (8th Cir. 1992) ("Although [the defendant] and his attorney differed on trial tactics and strategy, and expressed frustration with each other, the record does not reflect an irreconcilable conflict or complete breakdown in communication between them"; the defendant "failed to show that his attorney failed zealously to represent him because of their abrasive relationship"; and "the record supports the district court's conclusion that [the defendant] had difficulties with his attorneys because of his own conduct," and there was "no reason to believe ... any lawyer could work with [the defendant] any better than his court-appointed attorney."); *United States v. Buck*, 661 F.3d 364, 372-73 (8th Cir. 2011) ("To be sure, while [the defendant and his attorney] maintained some differences on strategic matters such as investigating certain leads, the record does not show a complete breakdown in communication or an irreconcilable conflict."); *United States v. Saffioti*, 795 F. App'x 733, 737 (11th Cir. 2019) (affirming denial of substitution motion where the disagreements "were really just a matter of not seeing 'eye and eye with him'"); *United States v. McNeil*, 561 F. App'x 162, 164 (3d Cir. 2014) ("Disagreement over legal strategy does not constitute good cause."); *United States v. Brown*, 454 F. App'x 44, 48-49 (3d Cir. 2011) (affirming denial of substitution request where the reasons for "substitution were based on differences in strategy" and the defendant was "insistent that certain things be done" that counsel did not think "should be done"); *United States v. Engles*, 327 F. App'x 83, 85 (10th Cir. 2009) (denying certificate of appealability where district court concluded that purported breakdown of communication "was not a lack of communication, but rather a disagreement regarding trial strategy, which is generally not a basis for ineffective assistance of counsel"); *United States v. Quinn*, 826 F. App'x 337, 342 (5th Cir. 2020) (a defendant is not entitled to "an attorney who agrees with his personal view of the prevailing law nor an attorney who will docilely do as he is told"); *United States v. Steele*, 919 F.3d 965, 974 (6th Cir. 2019) (counsel's "decision not to address each and everyone one of [defendant's] comments is not a breakdown in communication" but a "matter of trial strategy, which is largely in the discretion of the trial attorney"); *United States v. Wilhite*, 108 F. App'x 367, 369 (6th Cir. 2004) (affirming denial of motion for substitute counsel where the defendant claimed counsel was "not presenting the defense he wanted" but the court advised that the "trial strategies

February 4, 2022
Page 3

were likely due to her obligations as an officer of the court" and "any other attorney appointed would be bound by the same rules of professionalism").

Although defense counsel indicates that the defendant had raised his concerns about counsel "weeks ago," just after the *Daubert* hearing on January 19, 2022, that does not render the current motion timely. Although 3500 material has not been produced, the Government has already produced sensitive notes of interviews with witnesses not expected to testify at trial (on January 28, 2022) and filed its Enterprise Letter and motions *in limine*, which provide detailed information about the Government's trial strategy, expected witness testimony, and proposed trial exhibits.

The Court must ensure that the right to counsel is not "manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Calabro*, 467 F.2d at 986. Delaying the trial will prejudice the defendant's victims in particular, whose trial preparation is emotionally taxing, and whose lives are on hold while they await their day in court.[2]

                    Respectfully submitted,

                    DAMIAN WILLIAMS
                    United States Attorney

By:  /s/ Danielle R. Sassoon_____
     Mollie Bracewell
     Lindsey Keenan
     Danielle R. Sassoon
     Assistant United States Attorneys
     (212) 637-2218 / 1565 / 1115

---

[2] In the event the Court determines that the defendant's request should be granted, an arrangement similar to that in *United States v. Colotti*, would be appropriate to minimize delay and streamline a transition process on the eve of trial. Such an arrangement would simply formalize the offer of assistance that the Federal Defenders otherwise set forth in their letter, that: "if relieved as counsel, the Federal Defenders would be available and willing to assist any new counsel in preparing to represent Mr. Ray at trial."