

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 28, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *United States v. Lawrence Ray*,
                S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      In the Government's motions *in limine*, the Government moved to preclude the defense from introducing false exculpatory statements by the defendant during his post-arrest interview. *See* Dkt. 323.  Since that filing, on February 8, 2022, the Government provided the defense with a copy of the FBI 302 pertaining to the defendant's post-arrest statement and highlighted the portions of that interview that the Government will seek to admit at trial (as a past recollection recorded by Agent Maguire under Federal Rule of Evidence 803(5)).  *See* Exhibit A.  The Government respectfully requests that the Court set a deadline for the defense to raise any objections under Federal Rule of Evidence 106 and for the Court to rule on that motion in advance of Agent Maguire's testimony, as required by Rule 106.

    **A. Applicable Law**

      Rule 106 provides that:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, *at that time*, of any other part — or any other writing or recorded statement — that in fairness ought to be considered *at the same time*.

Fed. R. Evid. 106 (emphasis added).

      Under the rule of completeness embodied in Rule 106, "even though a statement may be hearsay, an 'omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require the admission of portions of a

statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999). This rule is strictly applied, leading this Court to hold, for example, that a defendant could not introduce a portion of his confession relating "to the *execution* of [a] robbery," where the portion introduced by the Government concerned only "*plans* to execute the robbery." *Johnson*, 507 F.3d at 796 (emphases in original); *see also United States v. Fawwaz*, 691 F. App'x 676, 678 (2d Cir. 2017) (finding no Rule 106 error where the admitted portions of the transcript addressed state of mind while the excluded portions involved a discussion of the defendant's response to a document he received).

Rule 106 is not "a mechanism to bypass hearsay rules for any self-serving testimony." *United States v. Gonzalez*, 399 Fed. App'x 641, 645 (2d Cir. 2010); *see also United States v. Rutigliano*, 614 F. App'x 542, 545 (2d Cir. 2015) (affirming exclusion of "post-hoc explanations" of criminal conduct); *Jackson*, 180 F.3d at 73 (affirming exclusion of recording excerpts that "consisted largely of [defendant's] own self-serving statements, which, as offered by him, are inadmissible hearsay"); *United States v. Lumiere*, No. 16 Cr. 483 (JSR), 2017 WL 1391126, at *6 (S.D.N.Y. Apr. 18, 2017) (denying motion for new trial based on Rule 106 claim where excluded recording excerpts were "post-hoc attempts by [defendant] to minimize his own culpability by explaining that at least some facets of the scheme seemed superficially legitimate"), *appeal withdrawn*, No. 17-2010, 2017 WL 9732075 (2d Cir. Oct. 11, 2017).

The burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the Government intends to offer. *See United States v. Williams*, 930 F.3d 44, 60–61 (2d Cir. 2019); *United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

### B. Discussion

The plain text of Rule 106 requires that any completeness objections be resolved in advance of the introduction of the statement, such that all admissible parts of the statement can be introduced "at the same time." Fed. R. Evid. 106. Were it otherwise and the evidence introduced in two separate parts, the purpose of the rule—to avoid the jury being misled by an impartial understanding of the incomplete portion—would be frustrated. *Johnson*, 507 F.3d at 796. It would also create the unfair impression that the Government is intentionally concealing information that it has a good faith basis to believe is inadmissible at trial. The defendant bears the burden of objecting and establishing that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the Government intends to offer. The Government therefore respectfully requests that the Court set a deadline for the defense to raise any objections to the admission of only the highlighted portions of the post-arrest 302, and provide the Government an opportunity to respond, so that the Court can resolve any disputes in advance of Agent Maguire's

testimony.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By: __/s/__ Mollie Bracewell___
      Mollie Bracewell
      Danielle R. Sassoon
      Lindsey Keenan
      Assistant United States Attorneys
      Southern District of New York
      (212) 637-1115

cc:    Defense Counsel (by ECF)