

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Lawrence Ray*,
      S2 20 Cr. 110 (LJL)

Dear Judge Liman:

   The Government does not oppose the defendant's motion to cross examine Claudia about the specific incidents described in its Rule 412 motion. But the motion contains several catchall references to "other evidence of this nature," and these incidents "among other things." Rule 412 provides that a Rule 412 motion must "specifically describe[] the evidence" under Rule 412(b) that the party seeks to admit, namely "evidence of specific instances of a victim's sexual behavior." Fed. R. Evid. 412(b)-(c). The defense cannot leave the door open to cross examine Claudia about any other specific instances of her sexual behavior not specified in its letter by using this general catchall language, which would subvert the purpose of the notice required by Rule 412. The Court should preclude it from doing so. Moreover, the Government reserves the right to object to repetitive, inflammatory, or excessive questioning on these topics that have minimal bearing on Claudia's credibility.

   The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This right "guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (emphasis in original). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003). Moreover, the Federal Rules of Evidence direct judges to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to," among other things, "avoid wasting time" and "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a)(2), (a)(3). Rule 611 further provides that "cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). "Cross-examination is not improperly curtailed if the jury is in possession of facts

sufficient to make a discriminating appraisal of the particular witness's credibility." *United States v. Roldan-Zapata*, 916 F.2d 795, 806 (2d Cir. 1990). In light of these considerations, the Court should not permit the defense to use cross examination simply to harass and humiliate the defendant's victims, and as it pertains to this motion, Claudia, where the jury is already in possession of sufficient facts to make its credibility determination.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By: __/s/__Danielle Sassoon___
    Mollie Bracewell
    Danielle R. Sassoon
    Lindsey Keenan
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-1115

cc:     Defense Counsel (by ECF)