

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:   ***United States v. Lawrence Ray***,
        S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    As directed by the Court's order of February 24, 2022, the Government sets forth the following objections and responses to the defendant's request to charge. (*See* Dkt. No. 384.)

    The Government neglected to include the special sentencing factor for Count One in its verdict form and in its proposed charge, and agrees that it should be directly addressed in both.

    **Defense Request No. 19 and Request. No. 11:** The defendant's request to charge refers to "bias" and "implicit bias," at two different points. As set forth below, the Government objects to the language and assumptions built into these charges.

    Rather than instruct jurors to decide this case without regard to any prejudices or sympathies that they might have, the proposed defense instruction No. 19, on Bias and Hostility, includes the following language:

> Growing scientific research indicates that each one of us has "implicit biases" or hidden feelings, perceptions, fears and stereotypes in our subconscious. All of us, no matter how hard we try, tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often we see life and evaluate evidence through a filter that tends to favor those like ourselves. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. As a result, I ask you to recognize that all of us may be affected by implicit biases in the decisions that we make. Because you are making very important decisions in this case, I

> strongly encourage you to critically evaluate the evidence and resist
> any urge to reach a verdict influenced by stereotypes,
> generalizations, or impicit biases.

(Def. RTC at 14).  Problematically, the requested language tells jurors that they *are* biased, stating that "each one" has "implicit biases."  Such language—which necessarily means that no juror could possibly be unbiased, no matter his or her experience and no matter his or her background— is far more likely to improperly highlight biases or differences than ensure the jurors' focus exclusively on the facts and the law.  *See United States v. Diaz-Arias*, 717 F.3d 1, 23 (1st Cir. 2013) (concluding court's instruction to be "fair-minded and impartial" obviated the need for defendant's requested instruction on racial prejudice); *Jahagirdar v. United States*, 597 F. Supp. 2d 198, 204 (D. Mass. 2009) (concluding defense counsel was not unreasonable in failing to request racial-bias instruction because it "might unnecessarily draw attention to the racial differences between the defendant and the alleged victim").

The defendant's proposed instruction No. 11 takes this one step further by requesting an instruction implying that the Government's witnesses, too, *are* biased.  The requested language directs jurors to consider that the Government's witnesses are resentful or angry.

> In connection with your evaluation of the credibility of the witness,
> you should specifically consider evidence of resentment or anger
> that some of the government's witnesses may have towards Mr. Ray.
> Evidence that a witness is biased, prejudiced or hostile toward Mr.
> Ray requires you to view that witness's testimony with caution, to
> weigh it with care, and subject it to close and searching scrutiny.

To the extent that the defendant may intend to present such a theory, he must do so through admissible evidence, not by asking the Court effectively to single out a particular group of witnesses and imply that the defendant is the target of biased witness testimony.  Jurors listen very closely to the instructions of federal judges, and the Court should not single out the victim witness testimony to suggest that there is a particular credibility issue.  The Court's charge must be fair to both parties.  *United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996) (quoting *United States v. GAF Corp.*, 928 F.2d 1253, 1263 (2d Cir. 1991)) ("A trial court enjoys broad discretion in crafting its instructions which is only 'circumscribed by the requirement that the charge be fair to both sides.'").  The Court should no more give its imprimatur to a theory of defense than it should give its imprimatur to a theory of guilt. The Government's proposed instruction about the Credibility of Witnesses (RTC No.57), properly instructs the jury on how to evaluate witness credibility generally, without casting aspersions on a certain category of lay or victim witness, who may have every reason to be angry, and whose anger may in fact be probative of the truthfulness of their testimony. The defense cites *United States v. Masino*, 275 F.2d 129 (2d Cir. 1960), in support of its proposed instruction, but that case stands for nothing of the kind—it pertains to the appropriate scope of cross examination about a Government rebuttal witness's motive to testify falsely, *not* that a witness's anger requires a juror to view their testimony with caution and greater scrutiny.

In this case—just as in every case—the jury should be instructed that it must base its verdict only on the evidence, without prejudice, bias, or sympathy.  In its Request to Charge, the Government requested that the Court give a standard instruction on improper considerations.  The following charge, adapted from the Hon. Richard J. Sullivan in *United States* v. *Beltran*, 07 Cr. 804 (RJS) (S.D.N.Y. 2008), appropriately instructs jurors to only consider the facts and the law without inappropriately suggesting that they cannot do otherwise:

> Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings — positive or negative — you may have about the defendant's race, religion, national origin, sex, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any of the witnesses involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Hon. Richard J. Sullivan in *United States* v. *Beltran*, 07 Cr. 804 (RJS) (S.D.N.Y. 2008).

**<u>Defense Request Number 4</u>**: Theory of the Defense

A defendant is entitled to a charge on a defense theory where that charge is "legally correct, represents a theory of the defense with a basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge."  *United States v. Zayac*, 765 F.3d 112, 119 (2d Cir. 2014).  The law does not require that a Court present a defendant's particular *arguments* for acquittal in a jury charge.  The Government reserves additional objections in the event the defense proposes a specific charge based on a defense theory.

**<u>Defense Request Number 6</u>**: Crime Defined by Statute Only

This instruction is duplicative of the instructions with respect to every count.  Those instructions repeatedly make clear that the Government must prove beyond a reasonable doubt each element of each count in order for the jury to find the defendant guilty (*see, e.g.*, Gov't. RTC at 22  (Req. No. 11, instructing on elements of racketeering conspiracy)), and each count must be considered individually, (*see, e.g.*, Gov't. RTC at 7  (Req. No. 4, instructing on multiple counts)).  The Government also requested that the Court should give standard instructions on the burden or proof and the presumption of innocence – all of which together make clear that the jury's inquiry is confined to the elements of the charged offenses.

**<u>Defense Requests Number 7 and 16:</u>** Direct and Circumstantial Evidence

Defense proposed instruction Number 7 includes the statement that: "The law requires that before any defendant may be convicted, the jury must be satisfied that the government has proved Mr. Ray's guilt beyond a reasonable doubt after review of all the evidence in the case, direct and circumstantial, as well as the lack of evidence."  This goes beyond defining direct and circumstantial evidence and could create a misleading impression that the Court is commenting about the lack of evidence in this particular case, or endorsing the improper argument that there

should have been a certain category of evidence in the case that was not in fact presented. The "lack of evidence" should be addressed in the Court's charge about reasonable doubt. *See* the Charge of the Honorable Cathy Seibel in *United States v. Matthew Madonna*, 17 Cr. 89 (CS) (providing a proper instruction on circumstantial and direct evidence).

The defense proposed instruction Number 16 similarly, and erroneously, refers to "any lack of evidence" in a manner that could be confusing to the jury. The Government refers the Court to Judge Seibel's instruction in *Madonna*, which stated that a reasonable doubt "is a doubt based on reason and arising out of the evidence in the case or the lack of evidence." Charge of Honorable Cathy Seibel in *United States v. Matthew Madonna*, 17 Cr. 89 (CS).The Government submits that this is the appropriate place and manner to address the question of the lack of evidence.

**Defense Request Number 8**: Defendant's Decision to Testify
The Government objects to the defendant's inclusion of a reference to burden shifting in the same instruction. To include reference to burden shifting could erroneously give the impression to the jury that they are somehow constrained in evaluating a testifying defendant's credibility. To the contrary, a defendant's testimony should be evaluated as any other witness's testimony. Once a defendant has testified, it is appropriate to consider that testimony as any other evidence and for the jury to consider and evaluate the defendant's credibility. (*See* Gov't RTC at 127 (Req. No. 67)). The Government and defense have requested several instructions that make clear that the Government *always* has the burden and it never shifts. (*See* Gov't RTC at 2 (Req. No. 1, requesting that the Court give its usual instructions on the burden or proof and the presumption of innocence)). These instructions need not be conflated.

**Defense Request Number 10**: Number of Witnesses and Uncontradicted Testimony
The jurors can appropriately consider the weight of the evidence, the parallels between witness testimony, and how witnesses' testimony are corroborative or inconsistent. The jurors should be instructed about how to evaluate witness credibility and to use their common sense. (*See* Gov't. RTC at 117 (Request No. 57). A general instruction about how to consider the number of witnesses is not necessary and it is misleading. The particular language of the defendant's proposed charge is also needlessly confusing (stating that "you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible"). This is otherwise subsumed by the language of the Government's proposed charge, which more straightforwardly provides that the jury does not have to accept *any* witness testimony. *See* Gov't. RTC at 117 (Request No. 57) ("You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.").

**Defense Request Number 13:** Benefits Received by Certain Witnesses
The Government does not expect to call any witness who is receiving a benefit in exchange for testimony (*i.e.*, a non-prosecution agreement or a cooperation agreement). Certain witnesses are expected to testify under a grant of immunity. It is legally incorrect to call it a "benefit" offered by the Government when it is a grant of immunity from the Court that allows the Government to

compel such a witness's testimony.  The Government's requested charge on immunity is legally correct. (*See* Gov't. RTC at 124 (Request No. 64, Immunized Witnesses)).

**Defense Request Number 14:** Law enforcement Witness
The Government objects to the portion of the defense charge that particularly instructs jurors on the propriety of defense attacks on "the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case."  The propriety of such lines of cross-examination need not be explicated when it is expected to be permitted by the Court, and pursued by the defense, in the course of the trial.  Instructing the jurors of the propriety of that particular line of cross examination inappropriately suggests that the Court has a view of its merit.  If the Court provides that instruction, it should include the following bolded and italicized language: "At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored—***if at all***— by a personal or professional interest in the outcome of the case."

**Defense Request No. 17:** Presumption of Innocence
The Government respectfully requests that the Court instruct the jury first about burden of proof, then about the presumption of innocence, and then about reasonable doubt, in order for the instructions to best be understood by the jury and to avoid unnecessary repetitiveness.

**Defense Request No. 20:** Advice of Counsel
With respect to the advice of counsel instruction, and as addressed in previous filings, the Government does not agree that the defense has made or can make the required showing to warrant an instruction on a reliance of counsel defense.  The Government submits that such an instruction should only be given if the necessary showing has been made and requests an opportunity to submit a proposed charge in that event.

**Defense Request No. 22**: Good Faith
This request is improper.  A defendant is entitled to a charge on a defense theory where that charge is "legally correct, represents a theory of the defense with a basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Zayac*, 765 F.3d 112, 119 (2d Cir. 2014).  The defense has not established that good faith is a defense to any of the charged charges.  The parties should be given an opportunity to litigate the language of this charge in the event the Court determines that there is an evidentiary basis for this charge, which at this point is premature because there is no basis to conclude that the jury will have "heard testimony that Mr. Ray believes in good faith" that he was owed money.  Def. RTC at 27.

**Defense Request No. 24**: Conspiracy Definition
The Government objects to this general definition of conspiracy, which erroneously includes an overt act requirement.  While that is appropriate when the Court instructs the jury on the elements of conspiracy under New York state law, it is not an accurate statement of the law with respect to the federal law of conspiracy.  (*See* Gov't RTC at 13 (Request No. 8, Federal Law of Conspiracy), and at 18 (Request No. 9, State Law of Conspiracy)).

The Government also objects to the following requested language by the defense:

> A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

This language impinges on the jury's role in assessing the weight of the evidence. All of the factors identified above are appropriately considered as evidence of the existence of a conspiracy. It is inappropriate to say that certain evidence "does not necessarily establish proof" of the conspiracy or anything else, when in fact it can do exactly that. No single piece of evidence, even a confession, "necessarily" establishes proof of anything, but it is up to the jury to decide what to do with it.

**<u>Defense Request No. 25</u>**: Co-conspirator statements

This proposed instruction is improper. The admissibility of co-conspirator statements is a question for the Court under Federal Rule of Evidence 104, which provides that: "[t] he court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." The law is clear that the court acts appropriately as a fact-finder in such admissibility determinations. *See Bourjaily v. United States*, 483 U.S. 171, 181 (1987) ("As we have held in other cases concerning admissibility determinations, the judge should receive the evidence and give it such weight as his judgment and experience counsel." (internal quotation marks and citations omitted)). The jury should not be instructed to revisit the Court's determination in the course of deliberations and re-evaluate the admissibility of already admitted evidence.

**<u>Defense Request 47:</u>** Tax Evasion

As already approved by the Court, the revenue agent witness will be testifying as a summary, rather than expert, witness. Accordingly the Government requests that the Court replace the description of "expert testimony" with "summary testimony." (Def. RTC at 126 ("In reaching your decision on this issue, you should consider, along with all the other evidence, the <u>expert testimony</u> introduced during the trial concerning the computation of Mr. Ray's additional tax liability . . . .")).

**<u>Defense Request No. 26:</u>** Racketeering Conspiracy

As stated in the Government's requests to charge, the Government must show that the enterprise has a core of personnel who function as a continuing unit. The cases cited by the defense for the proposition that the enterprise must continue in an "essentially unchanged form" and the "core of the enterprise has to be the same throughout," overstates the legal proposition for which the cases cited in support of that instruction stand. (Def. RTC at 41 n.31).

The defense's proposed instruction misstates the law and overstates the Government's burden of proof with respect to the predicate racketeering activity: "In order to convict Mr. Ray of the racketeering conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity Mr. Ray agreed would be committed; for example, at least two of the following types of acts . . ." The Government must prove that two discrete predicate acts were committed, but they may be two of the same type.

**General Objections:**   The Government submits that its proposed instructions on the racketeering predicates and other charged crimes more accurately reflect the law and are better supported by citations to recent cases.  The defense charge is also unnecessarily duplicative in several respects.  First, the instructions repeat the law when a relevant statute appears both as a racketeering predicate and as a separately charged count, whereas the Government's proposal streamlines the lengthy charge by cross-referencing prior instructions.  Likewise, the defense proposal is repetitive with respect to the definition of various categories of intent and of conspiracy.  The defense proposal also includes a number of general instructions that duplicate what is instructed elsewhere, including about crimes being defined by statute only, witness credibility, and the Government's burden of proof.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/   Mollie Bracewell_____
        Mollie Bracewell
        Danielle R. Sassoon
        Lindsey Keenan
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-2218/1115/1565

cc:      Defense Counsel (by ECF)