

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Lawrence Ray*,
S2 20 Cr. 110 (LJL)

Dear Judge Liman:

The Government writes to identify which exhibits it intends to introduce through a paralegal summary witness, who is expected to testify after victim witness, Santos Rosario. The Government submits that based on the information described below, the Government will introduce "sufficient proof . . . so that a reasonable jury could find in favor of authenticity or identification." *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (internal quotation marks omitted); *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) ("If in the court's judgment it seems reasonably probable that the evidence is what it purports to be, the command of Rule 901(a) is satisfied, and the evidence's persuasive force is left to the jury."). Of course, authentication "merely renders evidence admissible, leaving the issue of its ultimate reliability to the jury." *United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014) (quoting *United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001)). The opposing party remains free to "challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, with all such challenges going to the weight of the evidence rather than its initial admissibility." *United States v. Oreckinto*, 234 F. Supp. 3d 360, 365 (D. Conn. 2017) (quoting *Vayner*, 769 F.3d at 130).

During his testimony, Santos will identify photographs of various individuals, including the defendant, Talia Ray, Isabella Pollok, Claudia Drury, and Felicia Rosario. He will testify about audio recordings where the defendant is interrogating him, berating him, and physically abusing him. His testimony will establish that the defendant in fact recorded his victims under humiliating circumstances. He will also describe traveling to Pinehurst, North Carolina, in 2013, where he and others performed forced manual labor on a property belonging to the defendant's stepfather. He will identify several photographs taken during that time, including a picture of his sister Felicia wearing her Harvard sweatpants. Santos will testify about certain email exhibits, and will identify the email addresses used by him, the defendant, Talia Ray, and Felicia, among others. Several victims expected to testify later in the trial will make similar identifications and offer similar testimony about audio and video recordings, and emails exchanged with the defendant and others.

Subsequent to Santos's testimony, the Government expects to call paralegal summary witness Sunny Drescher. The Government intends to introduce the following exhibits during Ms. Drescher's testimony:

- GX 1594: Document signed by "Talia"; the testimony of Agents Serra/Maguire will establish that this item was seized from the defendant's storage unit

- Exhibits extracted by Agent Flatley:

| | |
|---|---|
| GX 1840 | Pinehurst photo |
| GX 1845 | Pinehurst photo |
| GX 1856 | Pinehurst photo |
| GX 1862 | Pinehurst photo |
| GX 1866 | Pinehurst photo |
| GX 1869 | Pinehurst Photo |
| GX 1884 | Video of the defendant on Bobcat machine |
| GX 1885 | Video of Felicia on Bobcat machine |
| GX 1886 | Video of defendant questioning Claudia |
| GX 2111 | Image of deposit slip with Talia Ray's name |
| GX 2115 | Video of Felicia working in Pinehurst |
| GX 2119 | Pinehurst photo |
| GX 2127 | Video of Felicia working in Pinehurst |
| GX 2144 | Video of defendant being abusive toward Felicia |

The Government submits that these electronic exhibits will be sufficiently authenticated without a witness to describe or narrate the contents of each one. The metadata for each of these exhibits will align with the time period that victim witnesses will testify the defendant was in Pinehurst. Victim witnesses will testify that the defendant operated heavy machinery on the property, that the victims performed manual labor on the property, and that the defendant was physically abusive toward Felicia in Pinehurst. Victim witnesses will identify other photographs from Pinehurst that depict similar scenery, and Felicia will identify other videos of abuse from Pinehurst. That is enough to lay the foundation for these exhibits, and for the jury to have enough information to evaluate the evidence, including based on their observations of the witnesses (some of whom appear in these videos), and their review of other similar exhibits that will be accompanied by identification testimony. The defense will still be able to advance arguments about the uncertainty of whether these videos and photographs were doctored or altered, which there is currently no basis to credit, but such arguments go to weight rather than admissibility. *See United States v. Ida*, 1997 WL 122753, *3 (S.D.N.Y. Mar. 18, 1997) ("The tapes are not inadmissible merely because one can conjure up hypothetical possibilities that tampering occurred." (quoting *United States v. Haldeman*, 559 F.2d 31, 109 (D.C. Cir. 1976)); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1411 (2d Cir. 1996) (district court erred in excluding evidence on authentication grounds where rational juror could have concluded that defendant made statement at issue).

- Email exhibits:

| | |
|---|---|
| GX 3087 | Email from Felicia; not being offered for the truth of the matter but to show state of mind, *see* dkt. 323 at 14, 16-17. |
| GX 3105 | Email from Felicia; not being offered for the truth of the matter but to show state of mind, *see* dkt. 323 at 14, 16-17. |
| GX 3109 | Email from Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3110 | Email from Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3111 | Email from Felicia; not being offered for the truth of the matter but to show state of mind, *see* dkt. 323 at 14, 16-17. |
| GX 3112 | Email from Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3113 | Email from Felicia; not being offered for the truth of the matter but to show state of mind, *see* dkt. 323 at 14, 16-17 |
| GX 3119 | Email from Felicia; not being offered for the truth of the matter but to show state of mind, *see* dkt. 323 at 14, 16-17 |
| GX 3136 | Email from Claudia to the defendant; shows defendant's knowledge and Claudia's state of mind; *see* dkt. 323 at 13, 15-17 |
| GX 3137 | Email from the defendant to Talia Ray; Rule 801(2)(1). |
| GX 3147 | Email from Talia Ray to the defendant; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3148 | Email from Talia Ray to the defendant; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3206 | Defendant forwarding email from Santos to coconspirator Pollok; Rule 801(2)(1) |
| GX 3244 | Email from Pollok to Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 3245 | Email from Pollok to Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |

With respect to the email exhibits, between Santos and the other victim witnesses, each of these email addresses will be established as having been used by the relevant parties. Regardless, the subscriber information for these email accounts, and the extensive use of the accounts to communicate with people known to the defendant and with the defendant, and about topics germane to the defendant, would be adequate to establish the authenticity and admissibility of these exhibits.

- iCloud exhibits:

| | |
|---|---|
| GX 4061 | Text messages between Pollok and Claudia; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |

| GX 4062 | Text messages between Pollok and Claudia; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 4064 | Photographs of ledgers in Pollok's iCloud; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 4101 | Text messages between Pollok and Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 4106 | Text messages between Pollok and Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 4107 | Text messages between Pollok and Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |
| GX 4108 | Text messages between Pollok and Talia Ray; admissible under Rule 801(d)(2)(E), *see* dkt. 323 at 4-11; dkt. 382 at 3-6. |

With respect to the iCloud exhibits, the iCloud stipulation between the parties establishes that these exhibits are true and correct copies of materials found on Isabella Pollok's and Talia Ray's iCloud accounts. It is apparent from the face of the text messages that these are coconspirator exchanges in furtherance of the conspiracy, including text messages between Pollok and a person calling herself "Claudia," about cash pick ups and hotel stays, and text messages between Pollok and Talia about money transfers and victims like Claudia and Felicia. To the extent the Court requires any additional foundation or offer of proof to admit these exhibits during Ms. Drescher's tesitmony, the Government is prepared to provide it.

With respect to GX 4064, Special Agent Maguire's testimony will establish that the images from Pollok's iCloud match up to ledgers found in the defendant's residence in the same handwriting, which document cash pick ups, and which the evidence will show refers to pick ups of prostitution proceeds from Claudia. Felicia is also expected to testify that she recognizes the ledgers that appear in 4064, that she saw Pollok working on that ledger, and that she similarly recognizes Pollok's handwriting in the document.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: __/s/__Danielle Sassoon___
    Mollie Bracewell
    Danielle R. Sassoon
    Lindsey Keenan
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-1115

cc:    Defense Counsel (by ECF)