**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 9, 2022

<u>Via ECF</u>

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Lawrence Ray</u>
    20 Cr. 110 (LJL)

Dear Judge Liman:

    We write regarding the exhibits the government intends to introduce through witness Santos Rosario during tomorrow's trial proceedings. As noted for the government, the defense anticipates that many of these objections can be withdrawn if and when the government has identified the purpose for which it intends to introduce these exhibits. Absent that information, however, the defense asserts the below objections.

    In addition, the defense reiterates its view that a witness must lay an appropriate foundation before individual exhibits are admitted into evidence. The defense reserves the right to *voir dire* witnesses and/or raise foundation objections when that has not been done, and the defense does not consent to the admission of exhibits *en masse* without a proper foundation being established. We have not noted individual foundation objections to each exhibit the government has disclosed.

    Finally, we object to the transcripts as previously raised.

    We are prepared to address these issues before Mr. Rosario's testimony commences.

- GX 1556 – hearsay
- GX 1675 – hearsay if appropriate foundation is not established
- GX 1819 – relevance; cumulative
- GX 1824 – relevance; cumulative; 403
- GX 1833 – cumulative
- GX 1902 – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth

- GX 1906 – hearsay; statements made by others are admissible to provide context for Mr. Ray's statements, not for the truth
- GX 2030 – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth
- GX 2138 – hearsay
- GX 3001 – hearsay
- GX 3009 – hearsay
- GX 3010 – hearsay
- GX 3011 – hearsay
- GX 3012 – hearsay
- GX 3013 – hearsay
- GX 3014 – hearsay
- GX 3026 – hearsay; statement from Marvin Frankel should also be redacted as hearsay
- GX 3027 – hearsay
- GX 3031 – hearsay
- GX 3125 – hearsay
- GX 3126 – hearsay (Mr. Rosario's written portion)
- GX 3128 – hearsay
- GX 3157 – hearsay
- GX 3159 – hearsay
- GX 3177 – first page should be redacted if introduced through Mr. Rosario
- GX 3286 – hearsay
- GX 3301 – hearsay
- GX 4159 – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth
- GX 4160 – hearsay
- GX 4162 – hearsay
- GX 4175 – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth
- GX 4176A – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth
- GX 4186 – hearsay; Mr. Rosario's statements are admissible to provide context for Mr. Ray's statements, not for the truth

    Respectfully submitted,

    /s/

    Allegra Glashausser, Esq.
    Marne L. Lenox, Esq.
    Peggy Cross-Goldenberg, Esq.
    Neil P. Kelly, Esq.

cc:    Counsel of record