

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 14, 2022

**BY EMAIL**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

 Re: *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Counsel:

 Defense counsel has raised objections to two cellphone message exchanges (GX 4061 and GX 4062) between Claudia Drury and Isabella Pollok, arguing that the fact that Claudia's messages sometimes went unanswered means that they are inadmissible.

 Claudia's text messages are admissible to show the knowledge of the recipient, Isabella Pollok.  Among other things, Claudia sent Pollok messages in which she arranged to meet Pollok, detailed the cash on hand from prostitution clients, provided her location at various hotels, to include her room number, and the codes to hotel safes, and identified clients she planned to meet.  These statements are relevant to Pollok's knowledge of and participation in Claudia's sex trafficking.  The Government will demonstrate through a variety of circumstantial evidence that Pollok in fact read these messages.  For example: (1) call logs will show that in addition to text messages, Claudia and Pollok were communicating via phone calls; (2) cell site evidence shows Pollok's phone was often in the vicinity of hotels that Claudia texted her about; (3) receipts show that Pollok made bank deposits at ATMs near Claudia's hotels; and (4) revised exhibits (attached) include additional data extracted from Pollok's iCloud account and indicate that the text messages were "read" by Pollok.  Claudia will also testify that she texted Pollok with hotel information and Pollok would often come pick up the money from her at these hotels.

 The authority cited by the defense does not support precluding this evidence.   In *Barone*, the Court made clear that "[a] statement offered for some purpose other than to prove the truth of the matter asserted is not hearsay." 913 F.2d 46, 49 (2d Cir. 1990).  Among the permissible purposes for offering such a statement is to "show[] the statement's effect on the listener."  *See Barone*, 913 F.2d at 49; *see also United States v. Thomas*, No. 3:14-CR-00031 RNC, 2015 WL 237337, at *6 (D. Conn. Jan. 17, 2015) (allowing the admission of a statement, not for the truth of the matter it asserts, but "to show that [another party] was keeping the defendant apprised of her movement.").  The Government's theory of admissibility does not depend on Pollok's adoption of

the messages through her response.  *See Barone*, 913 F.2d at 49  (finding, among other permissible purposes, "to provid[e] context that will aid the jury in understanding the meaning of a different admissible statement."); *United States v. Cilia*, No. 05 CR. 231 (RCC), 2005 WL 1514042, at *1 (S.D.N.Y. June 24, 2005) ("[T]he Court instructed the jury when the tapes were placed into evidence and during its charge, that the victim's statements were only to be considered for the purpose of providing context for the Defendant's statements.").  In *Thomas*, quoted by the defense in Court, the district court determined that while the text messages were not admissible to prove the defendant's knowledge, they were nonetheless still admissible to show that the other person in the text message exchange was communicating with the defendant "about her location" and "keeping [the defendant] apprised of her movements."  *Thomas*, 2015 WL 237337, at *5.  The same is true here, and as in *Thomas*, Claudia's messages should be admitted for this nonhearsay purpose.


Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/ _____

Mollie Bracewell
Lindsey Keenan
Danielle R. Sassoon
Assistant United States Attorneys
(212) 637-2218 / 1565 / 1115