

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2022

**BY EMAIL**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:   *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

   The Government seeks to admit several exhibits during Claudia Drury's direct testimony as prior consistent statements in light of the defense's attacks on her credibility in opening statement.

## A. Applicable Law

   Where a declarant testifies and is subject to cross-examination, a declarant-witness's prior statement is not considered hearsay when it "is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B). The Advisory Committee amended this Rule in 2014 to expand the reasons for which prior consistent statements may be offered. See Fed. R. Evid. 801(d)(1)(B)(ii) (effective Dec. 1, 2014).  Before the amendment, substantive use of prior consistent statements that were probative to rehabilitate the declarant's credibility were only admissible to rebut charges of recent fabrication, improper influence, or improper motive.  *See* Fed. R. Evid. 801(d)(1)(B) (Apr. 26, 2011, eff. Dec. 1, 2011). "The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801(d)(1)(B) advisory committee's note to 2014 amendment.  As statements that are not hearsay, "[prior consistent] statements are—subject to the usual prerequisites such as relevance— admissible as proof of the substance of the statement." *United States v. Flores*, 945 F.3d 687, 705 (2d Cir. 2019).

   Where a prior consistent statement is offered for substantive purposes under Rule 801(d)(1)(B)(i), a proponent must establish by a preponderance of the evidence three elements: "(1) that the prior consistent statement is consistent with the witness's in-court testimony; (2) that

the prior consistent statement is being offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive; and (3) that the prior consistent statement was made prior to the time that the supposed motive to falsify arose." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995). While there is no established test to determine the admissibility of prior consistent statements under Rule 801(d)(1)(B)(ii), the Second Circuit has upheld district court findings that prior consistent statements are admissible non-hearsay under subsection (ii) when introduced to rebut "defendants' attacks on [the declarant's] credibility and memory," *Flores*, 945 F.3d at 706, or "to rebut [defense counsel's] charge of inconsistency and to rehabilitate [the declarant's] credibility by placing the alleged discrepancies in context." *United States v. Purcell*, 967 F.3d 159, 197 (2d Cir. 2020).

Rule 801(d)(1) applies to a witness who is subject to cross-examination and "does not restrict admissibility to statements of one who has already been cross-examined." *Flores*, 945 F.3d at 706 (upholding trial court's admission of prior consistent statements where "the government sought permission to introduce the notes and reports of [the declarant] during his direct testimony" and "it was clear that he would be subject to cross-examination") (citing *United States v. O'Connor*, 650 F.3d 839, 862–63 (2d Cir. 2011) (upholding trial court's admission of prior consistent statements before declarant testified where the defendants "had begun their attacks on the credibility of [the declarant's] expected testimony in their opening statements" and "it was clear" the declarant would testify and "could be cross-examined by the defense about the statement"), cert denied, 565 U.S. 1148 (2012)); *Purcell*, 967 F.3d at 197 (upholding admission of a witness's testimony recounting the declarant's statements to rebut charge of declarant's inconsistency).

## B. Discussion

The Government anticipates that Claudia will testify as a witness for the Government and will therefore be subject to cross-examination by the defendant. The defense has already attacked her credibility in its opening statement, and Claudia's prior consistent statements are therefore admissible under Rule 801(d)(1)(B)(ii). *See Flores*, 945 F.3d at 706.

At the outset of opening statement, the defense described the defendant's victims as a group of "storytellers," implying that they are fabricators. Tr. at 89. By repeatedly referring to the victims as living "through the looking glass," the defense also implied that the victims were living in an alternate, distorted reality. These implications became explicit over the course of the opening statement, particularly with respect to Claudia. Among other things, the defense stated:

- "But over time, their stories grew." Tr. at 90.
- "Each storyteller jumped off from where the other one had ended, embellishing with their own details and weaving the threads of this story into one fantastic conspiracy. This was not a criminal enterprise. This was a group of storytellers." Tr. at 90.
- "Through the looking glass, Claudia Drury wanted to repay Larry for all the damage and hurt she had caused him, for that's what she said." Tr. at 91.
- "And you'll see that these stories had just enough elements of truth to make them believable." Tr. at 91.

- "So when Drury and the Rosario siblings said that Kerik sent them to hurt Larry, Larry believed." Tr. at 91.
- "In 2015, DiTomasso attacked Larry, hitting him repeatedly in the head. The other storytellers were there; they were there, they saw the attack, and it fueled their stories. So when Drury and Rosario said they set Larry up with this attack, Larry believed. These
- stories had just enough elements of truth to make them believable." Tr. at 91-92.
- "But on the other side of the looking glass, of course no one believed him, but Larry believed. And at the time, Claudia Drury and the Rosario siblings, they believed too."  Tr. at 92.
- "Well, Claudia, you will hear, is someone who told stories to everyone for years. She had an active imagination." Tr. at 93.

These statements suffice to trigger the applicability of Rule 801(d)(1)(B)(ii).  Therefore, to the extent particular emails or other exhibits are consistent with Claudia's testimony, the Government will seek to introduce those exhibits as prior consistent statements.  The Government expects that to include: GX 1547 (pp. 3-4), GX 3220, GX 3217, and GX 1549 p.9.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/   Danielle R. Sassoon_____  _____
     Mollie Bracewell
     Lindsey Keenan
     Danielle R. Sassoon
     Assistant United States Attorneys
     (212) 637-2218 / 1565 / 1115