**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 16, 2022

**Via ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Government and counsel for the alleged victim, Felicia Rosario, are directed to respond to this letter motion by 8 p.m. on Thursday, March 17, 2022. The Government and the defense are directed to notify counsel for Felicia Rosario of this Order.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge
3/16/2022

Re: **United States v. Lawrence Ray
20 Cr. 110 (LJL)**

Dear Judge Liman:

    Yesterday and today the government provided the defense some of the materials that Felicia Rosario provided to a documentary filmmaker. The government, however, did not provide the defense materials that Ms. Rosario's counsel has retroactively asserted are covered by the attorney-client or psychotherapist-patient privilege. We write on behalf of Mr. Ray to respectfully request that the Court compel the government to immediately produce to the defense any and all materials that Ms. Rosario provided to a documentary filmmaker, including those which Ms. Rosario's counsel has retroactively asserted a privilege. Any privilege that might have once attached to these materials has been expressly waived by Ms. Rosario's sharing of these materials with a third-party. That Ms. Rosario shared these materials with someone she knew was making a public film about the events underlying this case makes this waiver indisputable.

    As the Court knows, it was only at the March 7, 2022 pretrial conference that the government revealed that many of the complaining witnesses in this case (who have been meeting with the government for more than a year) "have actually provided voluntary interviews with a documentary filmmaker." Tr. 8:17–18. On March 14, 2022, the government disclosed for the first time that "in addition to participating in interviews for the documentary, [Ms. Rosario] also created audio and video files herself to provide to the Hulu filmmakers. And we understand she did provide those files." Tr. 334:9–12. Since these revelations on the eve of and during trial, the defense has requested the information and materials that the government's witnesses have shared with the documentary filmmaker; the Court has so-ordered certain subpoenas ordering the production of this material; and the government has begun producing to the defense certain materials the witnesses provided to the filmmaker. On March 15, 2022, the government made its first production of materials that Ms. Rosario provided to the filmmaker. (Ex. A, Ltr. from M. Bracewell (March 15, 2022).)

Earlier this afternoon, the government produced the second tranche of materials that Ms. Rosario provided to the documentary filmmaker, but withheld from its production certain "audio records over which [Ms. Rosario's attorneys] have asserted attorney-client or psychotherapist-patient privilege." (Ex. B, Ltr. from M. Bracewell (March 16, 2022).) This was improper because Ms. Rosario's attorneys have failed to establish that the materials over which they assert a privilege are entitled to such protection.

"It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, . . . a burden not discharged by mere conclusory or *ipse dixit* assertions." *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224–25 (2d Cir. 1984) (quotations omitted)). "The party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements." *United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir. 1995). Of these requirements, "[t]he party invoking the privilege also has the burden to show that the privilege has not been waived." *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015) (citation omitted); *see also In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 134 (S.D.N.Y. 2019).

This Court recently recognized the well-established rule that the attorney-client privilege and psychotherapist-patient privileges, "like other privileges, may be waived by the privilege holder." *United States v. Ray*, No. 20 Cr. 110 (LJL), 2022 WL 374367, at *3 (S.D.N.Y. Feb. 8, 2022) (citations omitted); *see id.* at *2 (analogizing the scope and waiver of the psychotherapist-patient privilege to the attorney-client privilege (citing *Jaffe v. Redmond*, 518 U.S. 1 (1996))). In particular, the Court held that, in addition to any other requirements that must be met for the psychotherapist-patient privilege to arise, "the communications *must be confidential*." *Id.* at *3; *see also United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (holding that the attorney-client privilege only protects communications "that are intended to be, *and in fact were*, kept confidential" (emphasis added)).

The Second Circuit has "deem[ed] it clear that subsequent disclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed." *In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973); *see also La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 363 (S.D.N.Y. 2014) ("The attorney-client privilege does not normally attach to privileged communications that are disclosed to persons who are neither the attorney nor the client." (citing *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 n.5 (2d Cir. 2003)). This is because "it is vital to a claim of privilege that the communications between client and attorney were made in confidence *and have been maintained in confidence*." *Mejia*, 655 F.3d at 134 (citation omitted) (emphasis added).

Applying this black letter law, this Court has already held that one of the complaining witnesses in this case waived the psychotherapist-patient privilege over materials that she shared with Mr. Ray. *Ray*, 2022 WL 374367, at *10 (citing *Jaffee*, 518 U.S. at 10 (explaining that the privilege protects *confidential* communications); *In re Horowitz*, 482 F. 2d at 81). The same is true here. Whatever purported privilege may have attached to these materials at one point in time has been expressly waived by Ms. Rosario's sharing of these materials with a third-party. That these materials were shared with a documentary filmmaker, who was in contact with Ms. Rosario regarding a soon to be public and well-publicized movie he is making regarding the very events at issue in this case, only emphasizes the definitiveness of this waiver.

Accordingly, we respectfully request that the Court order the government to produce to the defense any materials it has withheld from production to the defense to date, and order Ms. Rosario's attorneys to produce any materials that Ms. Rosario provided to the documentary filmmaker, which counsel have withheld on the basis of a purported privilege.

Respectfully submitted,

*/s/*

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*

cc: Counsel of record
Parvin Moyne, Esq. (counsel for Felicia Rosario)

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2022

**BY EMAIL**

Marne Lenox, Esq.
Federal Defenders
52 Duane Street
New York, New York 10007

    Re:    *United States v. Lawrence Ray*,
            S2 20 Cr. 110 (LJL)

Dear Ms. Lenox:

    The Government is providing a hard drive containing materials downloaded from a OneDrive account belonging to Felicia Rosario, through which Ms. Rosario shared audio and video recordings with the Hulu production team. The Government has produced an identical drive that will be delivered to the MDC today.

    Consistent with the folder structure on the drive that is being produced, Ms. Rosario shared two folders with the filmmaker: the first entitled "FelaZach" and the second entitled "XLT." According to Ms. Rosario, Isabella Pollok (who shared access to the XLT folder) contributed a majority of the content in the XLT folder, while Ms. Rosario contributed to that folder in a limited fashion. Our understanding is that Ms. Pollock did not have access to the FelaZach folder.

    With respect to both the FelaZach folder and the XLT folder, the Government understands that the folders include both audio and video content created by Ms. Rosario and provided to the Hulu production, as well as other materials that were gathered and provided to the filmmaker.

Sincerely,

DAMIAN WILLIAMS
United States Attorney

By: __/s/__ Mollie Bracewell___
Mollie Bracewell
Danielle R. Sassoon
Lindsey Keenan
Assistant United States Attorneys
Southern District of New York
(212) 637-1115

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY EMAIL AND HARD COPY**

Marne Lenox, Esq.
Federal Defenders
52 Duane Street
New York, New York 10007

      Re:    *United States v. Lawrence Ray*,
             S2 20 Cr. 110 (LJL)

Dear Ms. Lenox:

      The Government is enclosing a DVD containing approximately 41 audio recordings that Ms. Rosario shared with the Hulu production team. The Government is providing an identical DVD for you to provide to your client.

      Please note that, at the request of Ms. Rosario's attorneys, we have segregated and not reviewed a subset of nine audio recordings over which they have asserted attorney-client or psychotherapist-patient privilege. Accordingly, those nine files are not included in this production.

      Sincerely,

      DAMIAN WILLIAMS
      United States Attorney

   By:__/s/__Mollie Bracewell___
      Mollie Bracewell
      Danielle R. Sassoon
      Lindsey Keenan
      Assistant United States Attorneys
      Southern District of New York
      (212) 637-2218