

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 27, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Lawrence Ray***,
             S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in response to defense counsel's letter regarding cellphone and historical cell site testimony. (Dkt. No. 469).

      Defense counsel asserts the Court "improperly curtailed" cross examination, preventing defense counsel from inquiring about supposed errors in Government Exhibit 1410, the cell site maps prepared by Andrew Petersohn. On cross-examination, defense counsel attempted to have Mr. Petersohn authenticate maps and charts prepared by defense counsel, including purported Google maps plotting latitude / longitude points, and a summary chart of certain information allegedly excerpted from Claudia Drury's call detail records. When it became clear Mr. Petersohn could not authenticate the proposed defense exhibits from the witness stand, the Court advised defense counsel: "You can ask as many questions as you want, but not the question you just asked." Tr. 1349. Far from curtailing cross-examination related to historical cell site records, the Court encouraged it.

      Moreover, the purported errors identified in defense counsel's letter (Dkt. No. 469 at 2) are not in fact errors. With respect to Verizon cell sites, Mr. Petersohn testified that "a disclosure from Verizon [] affected call records in this time period" indicating that cell sites reflected in Verizon's "records could have been either the first or last cell site used" during a phone call. Tr. 1308. To account for this disclosure, when Mr. Petersohn plotted Verizon cell site connections on his maps, he provided a range of time based on the duration of the relevant phone call. *See* Tr. 1308 ("in a case like this, where we have a 50-second call duration, I establish a plus or minus 25-second window, then I give the time stamp that is in the middle of that connection window"); *see also* Dkt. No. 265: Govt Opp. to Mot. to Exclude Expert Testimony at 11. Whether the cell site reflected in the Verizon records was the first or last cell site used in each phone call plotted on Mr. Petersohn's maps, it certainly was used during the window of time that includes the entire duration of the call.

Ignoring Mr. Petersohn's explanation altogether, defense counsel asserts multiple phone calls depicted in the cell site maps do not appear in the Verizon records. (Dkt. No. 469 at 2). The first of these is a phone call on page 71 of Government Exhibit 1410, identified as occurring at "6:42:16 PM (±25 s)." When asked about this exact phone call on cross-examination, Mr. Petersohn testified, "the connection would be in the records 25 seconds prior to that time." (Tr. 1340). When defense counsel pressed, "the time listed there is not the time Mr. Ray made the call," Mr. Petersohn explained further, "that time window contains the time of the call." When defense counsel asked a third question about the exact same record, Mr. Petersohn again explained, "6:42:16 [] is meant to represent the middle of the call window…. There was a call up at that time."

Contrary to the suggestion in defense counsel's letter, the defendant's call detail records (Government Exhibit 224) do indeed reflect a call at 18:41:51 on August 13, 2018, which as Mr. Petersohn testified, is exactly 25 seconds prior to the specific time noted on his map. (GX 224, line 144). Similarly, as page 79 of Government Exhibit 1410 indicates, the defendant's call detail records reflect a call exactly 2 minutes and 8 seconds prior to 7:20:36 p.m. on August 23, 2018 (GX 224 line 375). And as page 97 of Government Exhibit 1410 indicates, the defendant's call detail records reflect a call exactly 2 minutes prior to 8:03:24 p.m. on November 22, 2018 (GX 224 line 1955), and exactly 2 minutes and 45 seconds prior to 11:53:47 p.m. on the same date (GX 224 line 1958). Far from being inaccurate, Mr. Petersohn's maps are precise, and his explanation of his methodology was clear.

Defense counsel further takes issue with the call detail box on page 97 of Government Exhibit 1410, stating the call identified in the box does not appear in the defendant's call detail records. This is correct. But the call does appear in Ms. Pollok's call detail records, reflecting the phone number assigned to the defendant's phone as the originating number (or "calling device") for a call on 11/23/18 at 00:46:05 UTC (which is 7:46:05 p.m. on November 22, 2018, in eastern daylight time)[1]:

| Item | Conn. Date | Conn. Time (UTC) | Seizure Time | ET | Originating Number | Terminating Number |
|---|---|---|---|---|---|---|
| 22976 | 11/23/18 | 00:46:05 | 0:09 | 0:00 | 19175669122 | 17329436344 |

(GX 202 at 1500 line 22976).

The other purported errors identified by defense counsel also are not errors, and in any event are so minor as to be immaterial. For example, defense counsel argues Mr. Petersohn "incorrectly stated that slide 8 showed a DAS record," and attaches to its letter a proposed defense exhibit which identifies the relevant tower bearing eNB-ID 116753 as a "CRAN" hub, rather than a traditional "DAS." (Dkt. No. 469 at 3, DX P4). As an initial matter, Mr. Petersohn did not map the cell site connection highlighted on page 8 of Government Exhibit 1410, it was used to explain cell site functionality generally. Furthermore, a "CRAN" hub is DAS technology on 5G cell site architecture, and like a traditional "DAS" or distributed antenna system, a "CRAN" hub controls

---

[1] The Government agrees the Court can take judicial notice of daylight savings time.

multiple distributed antennae. Defense counsel was free to inquire about this minor discrepancy in terminology on cross-examination, and chose not to.

Likewise, defense counsel takes issue with the location depicted on page 53 of Government Exhibit 1410, arguing it is incorrectly mapped, and submitting a Google map of the first set of location coordinates captured in the relevant call record, which are for a location near Columbus Circle. (Dkt. No. 469 at 3, DX P7). Defense counsel omits that the relevant call record has two sets of location coordinates (GX 202 at 1020 line 15604), the second of which is approximately two blocks south of Columbus Circle, just as depicted on page 53 of Government Exhibit 1410.

Finally, defense counsel argues the maps misleadingly indicate certain cellphones are near each other on certain dates and times, and identifies the maps on pages 79 and 81 by way of example. (Dkt. No. 469 at 4). Each of the maps in Government Exhibit 1410 identifies the time at which a specific cell site connection was made, and thus is in no way misleading. In any event, defense counsel elicited testimony on this particular issue with respect to page 71 of Government Exhibit 1410, asking numerous questions about the times at which certain devices connected to a cell site near the White Castle on South Plainfield, New Jersey on August 13, 2018. *See* Tr. 1351 ("Q. But they don't connect at the same time, right? A. Correct."). The fact that defense counsel did not elicit similar testimony with respect to the maps on pages 79 and 81 of Government Exhibit 1410 does not make those maps misleading.

Because cross examination did not establish GX 1410 was inaccurate or misleading, and the defense has not identified a line of cross examination improperly precluded by the Court that would have established it as such, the Government respectfully submits there is no basis to strike Government Exhibit 1410.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/__ Lindsey Keenan
     Lindsey Keenan
     Mollie Bracewell
     Daneille Sasson
     Assistant United States Attorneys
     Southern District of New York
     (212) 637-1565 / 2218 / 1115

cc:   Defense Counsel (by ECF)