

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 29, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Lawrence Ray*,
      S2 20 Cr. 110 (LJL)

Dear Judge Liman:

  As previewed in the Government's motions *in limine* (Dkt. 323 at 40), the Government intends to introduce a summary chart during Special Agent Maguire's testimony that depicts a timeline of events significant to the Government's case. (*See* GX 1401). The defense has indicated that it objects to this chart being admitted under Federal Rule of Evidence 1006. The Second Circuit has squarely held that such timeline charts are admissible under Rule 1006. In *United States v.* Ho, 984 F.3d 191, 209-10 (2d Cir. 2020), the defendant objected to summary charts that "provided timelines of certain text messages, emails, and other documents admitted into evidence." The defendant argued that Rule 1006 "does not permit summary charts to be created for the purpose of generating a narrative supporting the prosecution's theory of the case" and that the "charts summarized materials that could have easily been examined by the jury." *Id.* at 209 (internal quotation marks and ellipses omitted). The Circuit rejected those arguments, explaining that "[t]his court has long approved the use of charts in complex trials, and has allowed the jury to have the charts in the jury room during its deliberations, so long as the judge properly instructions the jury . . . that it is not to consider the charts as evidence." *Id.* at 210 (collecting cases); *see also United States v. Yousef*, 327 F.3d 56, 158 (2d Cir. 2003) (the Second Circuit has "regularly affirmed" the use of summary charts "to draw the jurors' attention to particular evidence culled from a voluminous set of records").

  Consistent with the reasoning in *Ho*, courts in this District have recently and routinely admitted timeline slides similar to those being offered here. The use of such charts is so plainly proper that that it does not always rise to the level of written briefing. *See*, *e.g.*, *United States v. Skelos*, No. 15 Cr. 317, Tr. 2252-57, 2262 (S.D.N.Y. 2015) (rejecting defense argument that timeline charts were "argument presented through an FBI agent" and "in effect summation," and finding that "it is precisely the type of information that has been allowed to be used in charts"). Indeed, the charts in this case have been modeled on charts previously found admissible by the Circuit and other courts in this District. *See Skelos*, No. 15 Cr. 317, Tr. 2252-57, 2262 (S.D.N.Y.

2015); *United States v. Calk*, 19 Cr. 366 (LGS), at Tr. 2-5 (S.D.N.Y. June 22, 2021)); *United States v. Parnas*, S3 19 Cr. 725, at 10/12/2021 Tr. (JPO).

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

               By:__/s/__Danielle R. Sassoon___
                        Mollie Bracewell
                        Danielle R. Sassoon
                        Lindsey Keenan
                        Assistant United States Attorneys
                        Southern District of New York
                        (212) 637-2218

cc:     Defense Counsel (by ECF)